UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FAITH TOWNSEND, | ) | Case No.: 1:21 CV 2425 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| UNITES STATES OF AMERICA, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

*Pro Se* Plaintiff Faith Townsend filed this action against the United States of America "seeking a remedy for harm" caused by United States District Judge James S. Gwin when he granted summary judgment in favor of the Defendant in her Title VII case, *Townsend v. Rockwell Automation*, No. 1:18 CV 2742 (N.D. Ohio Jan. 8, 2020). The United States Sixth Circuit Court of Appeals affirmed that decision on May 20, 2021. *Id.* Plaintiff acknowledged that judges are immune from suits for damages, so she filed this action against the United States government stating that "as an employer of federal judges, the US government is ultimately responsible for harm resulting from their misconduct, intentional or not." (Doc. No. 1 at 1). She seeks monetary damages and relief from the judgment in Judge Gwin's case under Rule 60(b).

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid

of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

Plaintiff acknowledges that judicial immunity would bar a suit against Judge Gwin and concedes that sovereign immunity may be a bar to her attempt to sue the United States. Indeed, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Plaintiff has not identified any real cause of action against the United States. She indicates she is attempting to sue the United States under a theory of *respondeat superior* for decisions made by Judge Gwin that she believes denied her due process. Due process claims against a federal actor would arise, if at all, in *Bivens*[1] action. The United States has not waived its sovereign immunity for suits under *Bivens*. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Furthermore, *Bivens* does not support a suit based on *respondeat superior* liability. *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir.1978); .*Okoro v. Scibana,* No. 02-1439, 2003 WL 1795860 (6th Cir. Apr. 1, 2003). Plaintiff has not identified a cause of action for which the United States has consented to suit. This Court lacks of subject matter jurisdiction over this case.

Furthermore, Plaintiff cannot file this action against the United States to relitigate her Title VII claims. Judge Gwin granted summary judgment in favor of Rockwell Automation. *See*

---

. [1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

*Townsend v. Rockwell Automation*, No. 1:18 CV 2742 (N.D. Ohio Jan. 8, 2020). The Sixth Circuit affirmed that decision. *Id.* Plaintiff filed a second action attempting to assert new claims against Rockwell Automation. *See Townsend v. Rockwell Automation*, No. 1:21 CV 2226 (N.D. Ohio Feb. 22, 2022). United States District Judge J. Philip Calabrese determined that the claims were sufficiently related to the claims asserted in Case No. 1:18 CV 2742 and were therefore barred by the doctrine of *res judicata*. This Court has no authority to conduct additional appellate review over Case No. 1:18 CV 2742 and Plaintiff is barred by *res judicata* from litigating matters and claims that were brought or which could have been brought in her prior actions. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). Her claims pertaining to her employment dispute with Rockwell Automation are "no longer open to discussion as to deprive the court of jurisdiction." *Apple v. Glenn*, 183 F.3d at 479.

## Conclusion

Accordingly, this action is dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] Plaintiff's Motion Requesting Access to ECF Filing System (Doc. No. 3) is denied as moot.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 9, 2022

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

3